# Exhibit B

# SUBPOENA

## BY AUTHORITY OF THE HOUSE OF REPRESENTATIVES OF THE CONGRESS OF THE UNITED STATES OF AMERICA

*To* Leon David Black
c/o Ari Fridman, Partner, Hogan Lovells

You are hereby commanded to be and appear before the
Committee on Oversight and Government Reform

of the House of Representatives of the United States at the place, date, and time specified below.

☑ **to produce the things identified on the attached schedule** touching matters of inquiry committed to said committee or subcommittee; and you are not to depart without leave of said committee or subcommittee.

Place of production: 2157 Rayburn House Office Building

Date: July 10, 2026 Time: 12:00pm ET

☐ **to testify at a deposition** touching matters of inquiry committed to said committee or subcommittee; and you are not to depart without leave of said committee or subcommittee.

Place of testimony: ______

Date: ______ Time: ______

☐ **to testify at a hearing** touching matters of inquiry committed to said committee or subcommittee; and you are not to depart without leave of said committee or subcommittee.

Place of testimony: ______

Date: ______ Time: ______

*To* United States Marshals or any authorized Member or congressional staff

to serve and make return.

Witness my hand and the seal of the House of Representatives of the United States, at

the city of Washington, D.C. this 26 day of June, 2026.

James Comer
*Chairman or Authorized Member*

Attest: Kevin F McCumber
*Clerk*

JAMES COMER, KENTUCKY
CHAIRMAN

ONE HUNDRED NINETEENTH CONGRESS

ROBERT GARCIA, CALIFORNIA
RANKING MEMBER

# Congress of the United States

## House of Representatives

COMMITTEE ON OVERSIGHT AND GOVERNMENT REFORM
2157 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, DC 20515–6143

MAJORITY (202) 225-5074
MINORITY (202) 225-5051
https://oversight.house.gov

June 26, 2026

Mr. Leon D. Black

Dear Mr. Black:

On June 26, 2026, you appeared before the Committee on Oversight and Government Reform (Committee) for the purpose of answering questions related to the Committee's investigation into: (i) the alleged mismanagement of the federal government's investigation into Mr. Jeffrey Epstein and Ms. Ghislaine Maxwell, (ii) the circumstances and subsequent investigations of Mr. Epstein's death, (iii) the operation of sex-trafficking rings and ways for the federal government to effectively combat them, (iv) ways in which Mr. Epstein and Ms. Maxwell sought to curry favor and exercise influence to protect their illegal activities, and (v) potential violations of ethics rules related to elected officials. However, during that interview, you refused to answer many questions involving non-disclosure agreements that relate directly to the Committee's investigation. Therefore, please see the attached subpoena compelling the production of documents on or before July 10, 2026.

The Committee's questions regarding the use of non-disclosure or other confidentiality agreements by individuals associated with Mr. Epstein and Ms. Maxwell are directly relevant to understanding the operation of sex-trafficking rings, potential impediments to the federal government's investigations of sex-trafficking rings, and potential methods for Mr. Epstein and Ms. Maxwell to exercise influence over associates to protect their illegal activities. Based on public reporting and information received by the Committee, the Committee has reason to believe you were a party to non-disclosure or other confidentiality agreements related to Mr. Epstein or Ms. Maxwell, their associates, or their potential victims. The Committee seeks these documents to inform legislative solutions to improve federal efforts to combat sex trafficking and prevent the use of non-disclosure or other confidentiality agreements to cover-up potential criminal activities.

The Committee on Oversight and Government Reform is the principal oversight committee of the U.S. House of Representatives and has broad authority to investigate "any matter" at "any time" under House Rule X.[1] Further, pursuant to House Rule XI clause 2(k)(6) "…the chair shall receive and the committee shall dispose of requests to subpoena additional witnesses."[2] Additionally, House Rule XI clause 2(m)(1)(B) grants Committees of the House of Representatives the authority "to require, by subpoena or otherwise, the attendance and testimony of such witnesses and the production of such books, records, correspondence,

[1] Rule X, cl. 4(c)(2), Rules of the U.S. House of Representatives, 119th Cong. (Jan. 16, 2025).
[2] *Id.* Rule XI, cl. 2(k)(6).

memoranda, papers, and documents as it considers necessary."[3] If you have any questions regarding this subpoena, please contact Committee on Oversight and Government Reform Majority staff at (202) 225-5074.

Sincerely,

James Comer
Chairman
Committee on Oversight and Government Reform

cc: The Honorable Robert Garcia, Ranking Member
Committee on Oversight and Government Reform

[3] *Id.* Rule XI, cl. 2(m)(1)(b).

**Schedule to Subpoena**

In accordance with the attached Schedule Instructions, you, Leon David Black, are required to produce the following documents in your possession, custody, or control in unredacted form:

1. All non-disclosure agreements to which Leon David Black is a party.
2. All non-disclosure agreements to which Jeffrey Epstein or Ghislaine Maxwell is or was a party.
3. All non-disclosure agreements to which Jeffrey Epstein or Ghislaine Maxwell are referenced or were involved in the preparation, execution, or enforcement thereof.

## Schedule Instructions

1. In complying with this subpoena, you are required to produce all responsive documents that are in your possession, custody, or control, whether held by you or your past or present agents, employees, and representatives acting on your behalf. You should also produce documents that you have a legal right to obtain, that you have a right to copy or to which you have access, as well as documents that you have placed in the temporary possession, custody, or control of any third party. Subpoenaed records, documents, data, or information should not be destroyed, modified, removed, transferred, or otherwise made inaccessible to the Committee.

2. In the event that any entity, organization or individual denoted in this subpoena has been, or is also known by any other name than that herein denoted, the subpoena shall be read also to include that alternative identification.

3. The Committee's preference is to receive documents in electronic form in lieu of paper productions.

4. Documents produced in electronic format should also be organized, identified, and indexed electronically.

5. Electronic document productions should be prepared according to the following standards:

    a. The production should consist of single page Portable Document Format ("PDF"), files accompanied by a Concordance-format load file, an Opticon reference file, and a file defining the fields and character lengths of the load file.

    b. Document numbers in the load file should match document Bates numbers and TIF file names.

    c. If the production is completed through a series of multiple partial productions, field names and file order in all load files should match.

6. Documents produced to the Committee should include an index describing the contents of the production. To the extent more than one CD, hard drive, memory stick, thumb drive, box or folder is produced, each CD, hard drive, memory stick, thumb drive, box or folder should contain an index describing its contents.

7. Documents produced in response to this subpoena shall be produced together with copies of file labels, dividers or identifying markers with which they were associated when the subpoena was served.

8. When you produce documents, you should identify the paragraph in the Committee's schedule to which the documents respond.

9. It shall not be a basis for refusal to produce documents that any other person or entity also possesses non-identical or identical copies of the same documents.

10. If any of the subpoenaed information is only reasonably available in machine-readable form (such as on a computer server, hard drive, or computer backup tape), you should consult with the Committee staff to determine the appropriate format in which to produce the information.

11. If compliance with the subpoena cannot be made in full by July 10, 2026, at 12:00 noon, compliance shall be made to the extent possible by that date. An explanation of why full compliance is not possible shall be provided no later than July 10, 2026, at 12:00 noon.

12. In the event that a document is withheld on any basis, provide a log containing the following information concerning any such document: (a) the basis for withholding the document; (b) the type of document; (c) the general subject matter; (d) the date, author, and addressee; and (e) the relationship of the author and addressee to each other.

13. In the event that a document is redacted for any reason—including to protect the personally identifiable information of victims, alleged victims, or witnesses—provide a log containing the following information concerning any such redaction: (a) the Bates number of each document containing a redaction and (b) the basis for each redaction.

14. In complying with the subpoena, be apprised that the U.S. House of Representatives and the Committee do not recognize: any purported non-disclosure privileges associated with the common law including, but not limited to, the deliberative process privilege, the attorney client privilege, and attorney work product protections; any purported privileges or protections from disclosure under the Freedom of Information Act; or any purported contractual privileges, such as non-disclosure agreements.

15. If any document responsive to this subpoena was, but no longer is, in your possession, custody, or control, identify the document (stating its date, author, subject and recipients) and explain the circumstances under which the document ceased to be in your possession, custody, or control.

16. If a date or other descriptive detail set forth in this subpoena referring to a document is inaccurate, but the actual date or other descriptive detail is known to you or is otherwise apparent from the context of the subpoena, you are required to produce all documents which would be responsive as if the date or other descriptive detail were correct.

17. This subpoena is continuing in nature and applies to any newly discovered information. Any responsive record, document, compilation of data or information, not produced because it has not been located or discovered by the return date, shall be produced immediately upon subsequent location or discovery.

18. All documents shall be Bates-stamped sequentially and produced sequentially.

19. Two sets of documents shall be delivered, one set to the Majority Staff and one set to the Minority Staff. When documents are produced to the Committee, production sets shall be delivered to the Majority Staff in Room 2157 of the Rayburn House Office Building and the Minority Staff in Room 2105 of the Rayburn House Office Building.

20. Upon completion of the document production, you should submit a written certification, signed by you or your counsel, stating that: (1) a diligent search has been completed of all documents in your possession, custody, or control which reasonably could contain responsive documents; and (2) all documents located during the search that are responsive have been produced to the Committee.

**Schedule Definitions**

1. The term "document" means any written, recorded, or graphic matter of any nature whatsoever, regardless of how recorded, and whether original or copy, including, but not limited to, the following: memoranda, reports, expense reports, books, manuals, instructions, financial reports, working papers, records, notes, letters, notices, confirmations, telegrams, receipts, appraisals, pamphlets, magazines, newspapers, prospectuses, inter-office and intraoffice communications, electronic mail ( e-mail), contracts, cables, notations of any type of conversation, telephone call, meeting or other communication, bulletins, printed matter, computer printouts, teletypes, invoices, transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, financial statements, reviews, opinions, offers, studies and investigations, questionnaires and surveys, and work sheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes, and amendments of any of the foregoing, as well as any attachments or appendices thereto), and graphic or oral records or representations of any kind (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings and motion pictures), and electronic, mechanical, and electric records or representations of any kind (including, without limitation, tapes, cassettes, disks, and recordings) and other written, printed, typed, or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, film, tape, disk, videotape or otherwise. A document bearing any notation not a part of the original text is to be considered a separate document. A draft or non-identical copy is a separate document within the meaning of this term.

2. The term "communication" means each manner or means of disclosure or exchange of information, regardless of means utilized, whether oral, electronic, by document or otherwise, and whether in a meeting, by telephone, facsimile, email (desktop or mobile device), text message, instant message, MMS or SMS message, regular mail, telexes, releases, or otherwise.

3. The terms "and" and "or" shall be construed broadly and either conjunctively or disjunctively to bring within the scope of this subpoena any information which might otherwise be construed to be outside its scope. The singular includes plural number, and vice versa. The masculine includes the feminine and neutral genders.

4. The terms "person" or "persons" mean natural persons, firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, or other legal, business or government entities, and all subsidiaries, affiliates, divisions, departments, branches, or other units thereof.

5. The term "referring or relating," with respect to any given subject, means anything that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with or is pertinent to that subject in any manner whatsoever.

6. The term "non-disclosure agreement" means any agreement, instrument, or other document containing any term, condition, provision, clause, or covenant that requires, imposes, or purports to impose any obligation of confidentiality, non-disclosure, non-use, secrecy, or similar restriction in which two or more parties agree that certain information will remain confidential.